**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**BILLINGS DIVISION**
_____

AMBER ANNETTE STONE,                    Cause No. CV-07-081-BLG-RFC-CSO

       Plaintiff,

    vs.                                                **ORDER AND FINDINGS AND**
                             **RECOMMENDATION OF UNITED**
VINCENT KEITH BLACKHAWK,                 **STATES MAGISTRATE JUDGE TO**
                                       **DISMISS COMPLAINT**
       Defendant.

       _____

      This matter is before the Court on Plaintiff Amber Annette Stone's Motion to

Proceed In Forma Pauperis (Court's Doc. No. 1) and proposed Complaint. (Court's Doc.

No. 2).

## I.  MOTION TO PROCEED IN FORMA PAUPERIS

      Plaintiff has submitted the form Application to Proceed Without Prepayment of

Fees and Affidavit wherein she indicates that she is not currently employed and the only

money she has received in the past twelve months was from working two days on a

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE
JUDGE TO DISMISS COMPLAINT / PAGE 1

construction crew and other funds from family and friends.  The Court finds this application to be sufficient to make the showing required by 28 U.S.C. § 1915(a). Because it appears Plaintiff lacks sufficient funds to prosecute this action the Application to Proceed In Forma Pauperis will be granted.

The Complaint shall be deemed filed as of the date that the Motion to Proceed In Forma Pauperis was filed and the proposed Complaint was delivered to the Clerk of Court.  See Loya v. Desert Sands Unified Sch. Dist., 721 F.2d 279, 280-81 (9th Cir. 1983); see also United States v. Dae Rim Fishery Co., 794 F.2d 1392, 1395 (9th Cir. 1986) (concluding complaint constructively filed when delivered to clerk of court).

## II.  STATEMENT OF THE CASE

### A.      Parties

Plaintiff Amber Annette Stone resides in Wyola, Montana, on the Crow Indian Reservation.  She is proceeding pro se.

The named Defendant is Vincent Keith Blackhawk.  The only information provided by Plaintiff regarding Mr. Blackhawk is that he is not employed.

### B.      Plaintiff's Allegations

Plaintiff's alleges that Defendant sold her land held in native trust by the Federal Government but never transferred the land into her name after taking her money. Specifically, she alleges that Vincent "Keith" Blackhawk offered to sell her a piece of land on the Crow Indian Reservation.  Plaintiff accepted the offer and paid him a total of $3,000.00 for 9.45 acres.  Although she received a notarized bill of sale, Mr. Blackhawk

refused to go to the B.I.A. and sign the deed over after promising for two years to do so.  Plaintiff also contends that Mr. Blackhawk misrepresented the shape and size of the land.

Plaintiff asks the Court to direct the Bureau of Indian Affairs to change the deed into Plaintiff's name, order Defendant to pay Plaintiff a fair lease price for subleasing her land and pay her legal fees incurred to get the land.

## III.  PRESCREENING

### A.  STANDARD

As Plaintiff is proceeding in forma pauperis, her Complaint is subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review  . . .  as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and][o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b).

Section 1915A(b) provides that the Court may dismiss the complaint before it is served upon the defendants if it finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted."  A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A complaint fails to state a claim upon which

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE
JUDGE TO DISMISS COMPLAINT / PAGE 3

relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. ____, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted).  This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." Id.  A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 550 U.S. ____, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting Bell, 127 S.Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Additionally, "[a] document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson, 127 S.Ct. at 2200; Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).  The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." Id. (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE
JUDGE TO DISMISS COMPLAINT / PAGE 4

**B.  Jurisdiction**

In civil cases arising between Indians, or against an Indian defendant in an action arising in Indian country, tribal jurisdiction usually will be exclusive.  Fisher v. District Court, 424 U.S. 382, 96 S.Ct. 943, 47 L.Ed.2d 106 (1976); Williams v. Lee, 358 U.S. 217, 223, 79 S.Ct. 269, 272, 3 L.Ed.2d 251 (1959).  Indian tribes "exercise inherent sovereign authority over their members and territories." Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe, 498 U.S. 505, 511, 111 S.Ct. 905, 909, 112 L.Ed.2d 1112 (1991).

Although it is not entirely clear from Plaintiff's complaint that both parties are Indians, tribal authority over activities of non-Indians on reservation lands is also an important part of tribal sovereignty.  Iowa Mutual Ins. Co. v. LaPlante, 480 U.S. 9, 107 S.Ct. 971, 976, 94 L.Ed.2d 10 (1987); see also Montana v. United States, 450 U.S. 544, 565-66, 101 S.Ct. 1245, 1258-59, 67 L.Ed.2d 493 (1981).  "Federal policy favors the promotion of tribal self-government." Wellman v. Chevron U.S.A., Inc., 815 F.2d 577, 578 (9th Cir. 1987)(citing Iowa Mutual Ins. Co. v. LaPlante, 480 U.S. 9, 107 S.Ct. 971, 975, 94 L.Ed.2d 10 (1987); National Farmers Union Ins. Cos. v. Crow Tribe of Indians, 471 U.S. 845, 856, 105 S.Ct. 2447, 2454, 85 L.Ed.2d 818 (1985); A & A Concrete, Inc. v. White Mountain Apache Tribe, 781 F.2d 1411, 1415 (9th Cir.), cert. denied, 476 U.S. 1117, 106 S.Ct. 2008, 90 L.Ed.2d 659 (1986)).

Civil jurisdiction over activities on reservation lands "presumptively lies in the tribal courts unless limited by federal statute or a specific treaty provision.

Considerations of comity require the exhaustion of tribal remedies before the claim may be addressed by the district court."  Wellman, 815 at 578 (citing LaPlante, 107 S.Ct. at 976-977; National Farmers Union Ins. Cos., 471 U.S. at 857, 105 S.Ct. at 2454).

There is no indication in Plaintiff's Complaint that she has made any attempt to resolve this matter in tribal court.  Accordingly, Plaintiff has failed to exhaust her claims and the Court will recommend that this case be dismissed.  See Atwood v. Fort Peck Tribal Court Assiniboine, 513 F.3d 943 (9th Cir. 2008) (as a matter of discretion, a district court may either dismiss a case or stay the action while a tribal court handles the matter).

Plaintiff's claim appears to involve a claim between two members of an Indian tribe regarding land on the Indian Reservation.  As such, the tribal court would have exclusive jurisdiction over Plaintiff's claim.  Even if there is a basis for subject matter jurisdiction in federal court, Plaintiff has not indicated that she has provided the appropriate Indian tribal court system the opportunity to determine this matter.  For these reasons, the Court finds that this matter should be dismissed and that any appeal of this decision would not be taken in good faith.

Accordingly, the Court enters the following:

## ORDER

1.  Plaintiff's Motion to Proceed In Forma Pauperis (Court's Doc. No. 1) is **GRANTED**.  The Clerk of Court shall waive prepayment of the filing fee.

2.  The Clerk shall edit the text of the docket entry for the Complaint to remove

the word "LODGED" and the Complaint is **DEEMED FILED** on June 11, 2007.

Further the Court enters the following,

## RECOMMENDATION

Plaintiff's Complaint should be **DISMISSED** for the reasons set forth herein.

The Clerk of Court should be directed to have the docket reflect that the Court certifies

pursuant to Rule 24(3)(1) of the Federal Rules of Appellate Procedure that any appeal

of this decision would not be taken in good faith.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections

to this Findings and Recommendations within ten (10) business days of the date

entered as indicated on the Notice of Electronic Filing.  A district judge will make a de

novo determination of those portions of the Findings and Recommendations to which

objection is made.  The district judge may accept, reject, or modify, in whole or in part,

the Findings and Recommendations.  Failure to timely file written objections may bar a

de novo determination by the district judge.

**PLAINTIFF IS CAUTIONED THAT SHE MUST KEEP THE COURT ADVISED OF ANY CHANGE OF ADDRESS AND A FAILURE TO DO SO COULD RESULT IN A DISMISSAL OF THIS CASE WITHOUT FURTHER NOTICE TO PLAINTIFF.**

DATED this 1st day of April, 2008.


/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE
JUDGE TO DISMISS COMPLAINT / PAGE 7