FILED
BILLINGS DIV.
2008 APR 30 PM 2 27
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

AMBER ANNETTE STONE, ) CV-07-81-BLG-RFC
)
Plaintiff, )
vs. )
) ORDER ADOPTING FINDINGS
VINCENT KEITH BLACKHAWK ) AND RECOMMENDATION
) OF U.S. MAGISTRATE JUDGE
Defendant. )
)

On April 1, 2008, United States Magistrate Judge Carolyn Ostby entered her Findings and Recommendation. *Doc. 4*. Magistrate Judge Ostby recommends that Plaintiff's Complaint be dismissed for lack of jurisdiction on account of Plaintiff's failure to exhaust tribal remedies. *See* 28 U.S.C. § 1915(e)(2) (B)(ii) (the court shall dismiss lawsuit filed *in forma pauperis* at any time if it determines the action fails to state a claim upon which relief may be granted). Magistrate Judge Ostby further recommends that any appeal of this decision would not be taken in good faith.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, Plaintiffs filed an objection on April 8, 2008. *Doc. 5*. These objections require this Court to make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 635(b)(1).

The present lawsuit arises out of the alleged sale of land on the Crow Indian Reservation. Specifically, Plaintiff alleges she paid Defendant Blackhawk $3000 for a parcel of land, but he

1

has refused to sign over the deed. It is also alleged that Defendant misrepresented the shape and size of the property. Plaintiff asks this Court to order the Bureau of Indian Affairs to change a deed into Plaintiff's name and to order Defendant to pay a fair lease price for subleasing her land and reimburse her for legal fees incurred on account of his actions.

Magistrate Ostby recognized that although it appears both Plaintiff and Defendant are enrolled members of an Indian tribe, that fact is not certain. In any event, the lawsuit clearly involves land within exterior boundaries of the Crow Indian Reservation.

Under these facts, comity requires that the Crow Tribal Civil Court In and For the Crow Indian Reservation have exclusive jurisdiction over Plaintiff's suit. *R.J. Williams Co. v. Fort Belknap Housing Authority*, 719 F.2d 979, 983 (9th Cir. 1983)("tribal court is generally the exclusive forum for the adjudication of disputes affecting the interests of both Indians and non-Indians which arise on the reservation"); *Wellman v. Chevron U.S.A.*, 815 F.2d 577, 578 (9th Cir. 1987) (civil jurisdiction over activities on Indian reservations presumptively lies in tribal court unless limited by federal statute or a specific treaty provision; comity requires exhaustion of tribal remedies before the claim may be addressed by a federal district court). As noted by Magistrate Judge Ostby, there is no allegation in the Complaint that Plaintiff has exhausted her tribal court remedies.

However, Plaintiff asserts in her objection to the Findings and Recommendations that she has exhausted tribal remedies in the Crow Tribal Court. *Doc. 5.* As evidence of this, Plaintiff attaches an Order dated March 31, 2008 from the Crow Tribal Civil Court stating that it has jurisdiction over the suit, but that Defendant Blackhawk has failed to appear for a hearing. *Doc. 5-2.* Accordingly, the Crow Tribal Court ordered Defendant Blackhawk to show cause why he

should not be held in contempt. Although this Order proves that Plaintiff has sought relief in tribal court, it also makes clear that her claims remain pending. Further, the Court has learned from the Crow Tribal Court that a hearing was recently held and Defendant was ordered to make monthly payments to Plaintiff. As such, there is an ongoing tribal court proceeding with which this Court will not interfere.

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and adopts them in their entirety. **IT IS HEREBY ORDERED** that Plaintiff's Complaint (*Doc. #2*) is **DISMISSED WITHOUT PREJUDICE**. The Court further certifies pursuant to Rule 24(a)(3)(A) Fed.R.App.P. that any appeal would not be filed in good faith.

DATED this 30 day of April, 2008.

_____
RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE